UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

THE SHELL COMPANY (PUERTO RICO) LIMITED,
Plaintiffs,

CIVIL NO. 03- 1623(DRD)

v.

LOS FRAILES SERVICE STATION, INC.,
Defendants.

**ORDER**

Pending before the Court is plaintiff The Shell Company (Puerto Rico) Limited's *Motion to Compel Compliance with Order Regarding Pending Discovery Related to Expert Witness and Answers to First Set of Interrogatories* (Docket No. 89). Through said motion, plaintiff requests the Court issue an order instructing defendant to comply with the March 28, 2005 case management order and produce its answers to the first set of interrogatories and a copy of the file along with all relevant documents and data used by defendant's expert witness to prepare his report.

Regarding this particular issue, the Court ordered on March 28, 2005, the following management order:

**Defendant** shall answer all interrogatories **on or before April 12, 2005**.

*Minute,* March 28, 2005, Docket No. 87. It is clear from the record that defendant has not complied with this order. It is also clear that defendant's failure to answer the interrogatories notified by plaintiff and to produce to plaintiff a copy of the file and relevant documents and data used by defendant's expert witness to prepare his report has resulted in plaintiff's case being adversely affected. Undoubtedly, plaintiff cannot adequately prepare its case if it cannot complete discovery. Moreover, there is no showing on defendant's part as to the reasons, even if unreasonable ones, why it has refused or has been unable to abide by discovery proceedings and case management orders set by the Court.

Consequently, plaintiff's request to compel plaintiff to answer interrogatories and produce documents (Docket No. 89) is **GRANTED.** Defendants shall have **until Thursday, June 3, 2005** to produce its answers to plaintiff's first set of interrogatories and request for production of documents, and to produce a true and exact copy of the file and all relevant documents and data used by its expert witness to prepare his report. **Failure to do so will result in this Court entering DEFAULT against it.[1]** Accordingly, plaintiff shall have **until Friday, July 1st, 2005** to file its

---

[1] The parties were given a clear unambiguous order which defendant has not followed. "[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs". Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *quoting* Chamorro v. Puerto Rican Cars,

expert witness report.  **ABSOLUTELY NO EXTENSIONS WILL BE GRANTED.**

 **IT IS SO ORDERED.**

|  |  |
|---|---|
|  | S/ Daniel R. Dominguez |
| **Date: May 25, 2005** | **DANIEL R. DOMINGUEZ** |
|  | **U.S. DISTRICT JUDGE** |

---

Inc., 304 F.3d 1, 4 (1st Cir. 2002). Furthermore, counsel do not run the Court. Thus, parties have an "**unflagging duty to comply with clearly communicated case-management orders**". Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998) (*emphasis added*). It is self-evident that "courts cannot function if litigants may, with impunity, disobey lawful orders." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 5,  HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908,  916 (1st Cir. 1988). "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]."  Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).